**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **BIG RIVER ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil No.** |
| | ) | |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **BIG RIVER, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

For its Complaint against Defendant Big River, LLC, Plaintiff Big River Enterprises, LLC states and alleges as follows:

### I.    THE PARTIES

1.    Plaintiff Big River Enterprises, LLC ("Big River") is a limited liability company organized and existing under the laws of Louisiana, with its principal place of business located at 15731 Airline Hwy, Norco, Louisiana 70079.

2.    Upon information and belief, Defendant Big River, LLC ("BR LLC") is a limited liability company organized under the laws of Alabama, with its registered office address located at 3409 Water Avenue, Selma, Alabama 36701and having a principal place of business located at 2409 N. Broad Street, Selma, Alabama 36701.  BR LLC may be served with process through service upon its registered agent, Davis Henry, at 3409 Water Avenue, Selma, Alabama 36701.

### II.    NATURE OF THE ACTION

3.    This is an action for trademark infringement, unfair competition, false association and false designation of origin, and dilution arising under Section 43 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; for trademark infringement under Alabama

common law; for trademark dilution under Ala. Code § 8-12-17; and for cancellation of federal trademark registrations under Section 37 of the Lanham Act.

### III.    JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as it involves a federal question; under 28 U.S.C. § 1332 as the action is between citizens of different States and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000; and under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) in that this case arises under the Lanham Act.

5.     This Court also has subject matter jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Lanham Act.

6.     This Court has supplemental jurisdiction over the claims that arise under Alabama law pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the claims that arise under the Lanham Act.  Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

7.     Upon information and belief, this Court has personal jurisdiction over BR LLC because, among other reasons, BR LLC is organized in this District and has its principal place of business in this District.  Upon information and belief, this Court has personal jurisdiction over BR LLC because BR LLC continuously and systematically conducts, transacts, and solicits business in the State of Alabama and in this judicial district.  Upon information and belief, BR LLC is also subject to personal jurisdiction in this Court as this action arises out of BR LLC's contacts with this forum, as well as any and all other reasons consistent with the Alabama long-

arm statute authorizing the exercise of jurisdiction and which federal and state constitutional due process guarantees.

8.     Further, this Court has personal jurisdiction under Alabama's long-arm statute, Ala. R. Civ. P. 4.2(b), because (1) BR LLC has transacted business in Alabama; (2) the tortious acts or omissions occurred in Alabama; (3) the damages occurred in Alabama, among other states; (4) jurisdiction based on BR LLC's contacts with Alabama (including, but not limited to, sales of services) is not inconsistent with the Constitution of Alabama or the Constitution of the United States.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), because, among other things, (1) BR LLC transacts business in this judicial District, (2) BR LLC is subject to personal jurisdiction in this judicial District, and (3) a substantial part of the events giving rise to Big River's claims occurred in this judicial District, and (4) Big River is suffering harm in this judicial District.

## IV.    FACTUAL ALLEGATIONS

### A.    BIG RIVER'S BUSINESS AND THE BIG RIVER MARKS

10.     Big River is a family-owned and operated gasoline distributor and multi-site retail establishment headquartered in Norco, Louisiana.

11.     Originally founded in 1955 as "Holmes Food Mart," Big River has offered fueling, automotive, and retail store services for convenience store items and petroleum products, and other related goods and services in interstate commerce to customers nationwide for nearly seventy years.

12.     Today, Big River operates eleven brick-and-mortar locations located along interstate highways 10, 12, 55, and 310, from which Big River serves interstate travelers stretching from California to Florida, Illinois to Louisiana, and beyond.

13.     Big River owns all right, title, and interest in and to the trademarks BIG RIVER



and                              in connection with gas station, retail store services featuring

convenience store items and petroleum products, and related goods and services (collectively, the

"BIG RIVER Marks").

14.     Through extensive use and promotion for nearly 20 years, Big River has developed

substantial goodwill and consumer recognition of the BIG RIVER Marks as trademarks identifying

Big River and its goods and services.

15.     Commencing at least as early as October 2005, Big River has used the BIG RIVER

Marks continuously and extensively in interstate commerce to identify its goods and services and

to distinguish such goods and services from those offered and provided by others.

16.     Since its first use, Big River has spent significant resources advertising, developing,

and promoting the BIG RIVER Marks and the goods and services sold under the marks.  Big River

advertises its goods and services under the marks through its website located at

www.bigriverla.com and social media accounts, signage at Big River's multiple retail locations,

roadside signage and flags, petroleum tanker trucks, online media and other advertising and

promotional campaigns.  Exemplary photographs and screenshots are attached as **Exhibit 1** and

excerpted below.











17.    Among other intellectual property holdings, Big River is the owner of the Louisiana trade name registration, Book #58-9354, for "Big River Food and Fuel" in connection with the "Convenience Store" business, with a claimed first use date of November 10, 2005 (the "Trade

Name Registration"). A true and correct copy of Big River's Trade Name Registration is attached as **Exhibit 2**.

18.     The Trade Name Registration was issued on November 29, 2005, and has been valid and subsisting since that date.

19.     Big River has timely renewed the Trade Name Registration since its issuance.

20.     Big River also owns U.S. trademark application no. 97882236 for the trademark

, for "Retail store services featuring convenience store items and petroleum products."

21.     Big River has continuously used the BIG RIVER Marks in the United States as a symbol of Big River as the source and origin for high quality gas station, retail store services for convenience store items and petroleum products, and related goods and services.

22.     Big River has expended considerable time, resources, and effort in promoting the BIG RIVER Marks and developing substantial goodwill associated therewith throughout the United States, including, without limitation, in Alabama.

23.     The BIG RIVER Marks have become well known throughout the Southeast and the U.S.

24.     The BIG RIVER Marks are distinctive and strong when used in conjunction with Big River's goods and services.

25.     Due to the continuous use of the BIG RIVER Marks by Big River, the BIG RIVER Marks have come to indicate a single source of goods and services. Further, the BIG RIVER Marks have come to indicate Big River as the single source of such quality goods and services.

26.     As a result of Big River's long and exclusive use of the BIG RIVER Marks, the significant and increasing volume of sales under the BIG RIVER Marks, and the large amount of money spent or foregone for advertising and promotion of its services, the BIG RIVER Marks has become, through widespread and favorable public acceptance and recognition, an exclusive asset of substantial value as a symbol of Big River, its quality goods and services, and its goodwill.

27.     Big River and its use of the BIG RIVER Marks are well-known and famous.

28.     The BIG RIVER Marks point uniquely and unmistakably to Big River and is so connected to Big River and its goods and services that the BIG RIVER Marks are understood by consumers to reference the name or identity of Big River.

**B.     BR LLC'S WANTON, KNOWING, AND INTENTIONAL UNLAWFUL ACTIONS**

29.     Without Big River's knowledge or consent, and beginning long after Big River had established extensive and valuable goodwill in connection with the BIG RIVER Marks, BR LLC commenced using, and is currently using, in interstate commerce and commerce affecting



interstate commerce, the marks "BIG RIVER" and ⟨image⟩ (collectively, the "Infringing Marks") in connection with the sale, offering for sale, advertising, and promotion of automobile cleaning and car washing services.

30.     Upon information and belief, BR LLC was formed on or around June 2, 2016.

31.     Upon information and belief, BR LLC began offering automobile cleaning and car washing on or around November 1, 2016.

32.    Upon information and belief, BR LLC only operated one brick-and-mortar carwash location until 2022.

33.    Upon information and belief, BR LLC currently operates three brick-and-mortar car washes, located in Selma, Troy, and Montgomery, Alabama.

34.    BR LLC has no association with Big River and has never been authorized by Big River to use or exploit the BIG RIVER Mark commercially or for any purpose.

35.    The services offered by BR LLC under the Infringing Marks are related to the gas station and retail store services for convenience store items and petroleum products, and related goods and services offered by Big River under the BIG RIVER Marks.

36.    At the time BR LLC began using the Infringing Mark in connection with its automobile and car washing services, Big River had been using its BIG RIVER Marks in U.S. commerce for more than ten years.

37.    Upon information and belief, BR LLC owns and operates the website located at www.bigrivercarwash.com (the "Infringing Website").  Exemplary screenshots of the Infringing Website are attached as **Exhibit 3**.

38.    The Infringing Website prominently displays the Infringing Marks and advertises and offers for sale BR LLC's unauthorized automobile cleaning and car washing services, depicted below.



Copyright © 2024 Big River Carwash - All Rights Reserved.

39.    BR LLC appears to operate and transact business through the interactive Infringing Website, through which BR LLC accepts and processes orders to become members of its car washing subscription plan called the "Flood Club" from any person in any city in the United States.

40.    Upon information and belief, the Infringing Website was designed to form contacts with potential customers, including residents of this District, through which BR LLC invites potential customers to submit its email address and cellphone information to "Join the Text Club" and receive alerts regarding promotions and incentives and other contact from BR LLC.

41.    BR LLC also owns and operates a Facebook page named "Big River Carwash," created on October 11, 2016 (the "Infringing Facebook Account").  A true and correct copy of exemplary screenshots from BR LLC's Facebook account is attached hereto as **Exhibit 4**.

42.    The Infringing Facebook Account prominently displays the Infringing Mark, as depicted below.



43.    Big River has not granted authorization to BR LLC to use the Infringing Marks to advertise, promote, offer to sell, or sell BIG RIVER-branded goods or services through its brick-and-mortar locations, the Infringing Website, the Infringing Facebook Account, or through any other channel.

44.    BR LLC's use of the Infringing Marks is without Big River's permission or authority and is likely to cause or has caused confusion, mistake, and deception among consumers and customers.

45.    Through its use of the Infringing Marks, including, but not limited to, on the Infringing Website, Infringing Facebook Account, and brick-and-mortar locations, BR LLC seeks

to unfairly trade off the valuable goodwill and reputation built by Big River in its BIG RIVER Marks.

46.    BR LLC's use of the Infringing Marks in interstate commerce to advertise, promote, and sell its services, including through the Infringing Website, Infringing Facebook Account, and brick-and-mortar locations, were never approved, permitted or endorsed by Big River, and occurred after Big River had established extensive and valuable goodwill in connection with its goods and services identified by the BIG RIVER Marks.

47.    BR LLC's use of the Infringing Marks in interstate commerce and commerce affecting interstate commerce was and continues to be without Big River's consent, and began long after Big River had established extensive and valuable goodwill in connection with its goods and services identified by the BIG RIVER Marks.

48.    Big River's first use in commerce of the BIG RIVER Marks predates BR LLC's first use of the Infringing Marks and, therefore, Big Riber has priority over BR LLC's first use of the Infringing Marks.

49.    On August 29, 2016, BR LLC filed the following applications to register the Infringing Marks with the United States Patent and Trademark Office ("USPTO") on a Section 1(b) intent to use basis (collectively, the "Applications"):

| Application No. | Mark | Goods and Services |
|---|---|---|
| 87/153,949 | BIG RIVER | Int. Cl. 037: Automobile cleaning and car washing |

| 87/154,048 |  | Int. Cl. 037: Automobile cleaning and car washing |

50.     On April 28, 2017, BR LLC filed statements of use for the Applications, claiming a first use in commerce date of November 1, 2016.

51.     The Applications matured into on July 4, 2017, and were assigned U.S. registration no. 5,238,284 for the mark BIG RIVER (the "'284 Registration") and U.S. registration no.



5,238,285 for the mark                    (the "'285 Registration").

52.     On July 5, 2023, BR LLC filed Declarations of Use and Incontestability under Section 8 and 15 for the '284 Registration and '285 Registration, which were accepted by the USPTO on December 30, 2023.

53.     Big River learned about BR LLC's use of the Infringing Marks after the Applications were published for opposition, allowed, and registered, and after BR LLC had filed its Section 15 Declarations.

54.     On February 7, 2024, Big River sent a letter to BR LLC notifying BR LLC of Big River's prior rights in the BIG RIVER Marks.

55.     Since that time, Big River and BR LLC engaged in discussions to determine whether the parties could resolve their dispute but were unable to do so.

56.     BR LLC's use of the Infringing Marks has been made notwithstanding and with actual notice of Big River's well-known and prior established rights in the BIG RIVER Marks.

57.     Through the continued use of the Infringing Marks, BR LLC seeks to unfairly trade off the valuable goodwill and reputation built by Big River in its BIG RIVER Marks.

**C.     HARM TO BIG RIVER**

58.     BR LLC's use of the Infringing Marks is without Big River's permission or authority and is likely to cause confusion, mistake, and deception among consumers and customers.

59.     BR LLC's use of the Infringing Marks is the same as the identity previously used by Big River.

60.     BR LLC's use of the Infringing Marks would be recognized as Big River's previously used identity because it points uniquely and unmistakably to Big River.

61.     The fame or reputation of Big River is such that, when the Infringing Marks is used in connection with BR LLC's services, a connection with Big River would be presumed.

62.     Big River is not connected with the Infringing Marks, BR LLC, or services or activities performed by BR LLC under the Infringing Marks.

63.     In selecting and continuing to use marks that include the term "Big River" in connection with the sale and offering of its services, notwithstanding its actual knowledge of Big River's rights, BR LLC has acted and continues to act with wanton disregard for Big River's rights, and with the willful intent and purpose of improperly taking or benefiting from the favorable reputation and valuable goodwill which Big River has established in the BIG RIVER Marks.

64.     BR LLC's actions have caused and continue to cause BR LLC's services to be passed off as made, authorized, sponsored, or endorsed by or otherwise connected or associated with Big River.

65.     The Infringing Marks utilized by BR LLC are confusingly similar to Big River's BIG RIVER Marks.

66.     BR LLC's activities are likely to cause confusion, to cause mistake, and to deceive consumers and others as to the source, nature, and quality of the goods and services offered by BR LLC.

67.     BR LLC's wrongful and illegal activities are likely to cause confusion, and to cause mistake, and to deceive consumers and others as to the origin, sponsorship, or approval of the goods and services offered by BR LLC with or by Big River.

68.     Upon information and belief, BR LLC has offered for sale, continues to offer for sale, and sells its purported services under the Infringing Marks.

69.     Big River has been damaged by BR LLC's activities complained of herein, and unless such activities are preliminarily and permanently enjoined, Big River and its goodwill and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated or compensated in money damages.

## V.     CAUSES OF ACTION

### COUNT I

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

70.     Big River repeats and realleges the preceding paragraphs as if fully set forth herein.

71.     Big River owns valid state-registered and common law trademark rights in the BIG RIVER Marks.

72.    BR LLC's use of the Infringing Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of BR LLC with Big River, and as to the origin, sponsorship or approval of BR LLC's services by Big River. Additionally, the public is likely to believe that BR LLC's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with, or in some other way legitimately connected with Big River, all to Big River's irreparable harm and in violation of 15 U.S.C. § 1125(a).

73.    BR LLC has used names and marks which are confusingly similar to Big River's BIG RIVER Marks with the intent to deceive the public into believing that services offered or sold by BR LLC are made by, approved by, sponsored by, or affiliated with Big River.

74.    BR LLC's acts as alleged herein were committed with the intent to pass off BR LLC's services as the services of, approved by, sponsored by, or affiliated with Big River, and with the intent to deceive and defraud the public.

75.    BR LLC's acts constitute trademark infringement, unfair competition and passing off, and have caused Big River damages, including, without limitation, lost profits, harm to reputation, and costs to remediate the confusion and harm to Big River's goodwill and reputation caused by BR LLC.

76.    BR LLC's acts constitute violations of 15 U.S.C. § 1125(a).

77.    BR LLC's acts of trademark infringement and unfair competition have caused Big River damages, and Big River seeks judgment pursuant to 15 U.S.C. § 1117 for BR LLC's profits made from its use of the Infringing Marks, for the damages sustained by Big River, for all costs necessary to remediate the trademark infringement, unfair competition, and passing off and their effects, and for the costs, expenses, and reasonable attorneys' fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to remedy BR LLC's actions.

78.     Big River further seeks judgment for three times the amount of BR LLC's profits or Big River damages, whichever is greater, due to the nature of BR LLC's willful conduct.

79.     Pursuant to 15 U.S.C. § 1116 and equity, Big River is entitled to preliminary and permanent injunctive relief against BR LLC to stop the illegal infringing conduct.

80.     Pursuant to 15 U.S.C. § 1118 and equity, Big River is entitled to impoundment and destruction of infringing articles.

## COUNT II

### FALSE ASSOCIATION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

81.     Big River repeats and realleges the preceding paragraphs as if fully set forth herein.

82.     BR LLC has caused services to enter interstate commerce with the designation and mark "BIG RIVER" connected therewith.

83.     BR LLC's use of said designation and other representations constitutes a false association and false designation of origin which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of BR LLC with Big River and as to the origin, sponsorship, or approval of such services by Big River.

84.     BR LLC's acts are in violation of 15 U.S.C. § 1125(a) in that BR LLC has used in connection with its services a false association, a false designation of origin, or a false or misleading description and representation of fact, which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of BR LLC with Big River and as to the origin, sponsorship, and approval of BR LLC's goods, services, and commercial activities.

85.     BR LLC's acts have caused Big River damages, and Big River seeks judgment pursuant to 15 U.S.C. § 1117 for BR LLC's profits made by BR LLC's acts alleged herein, for the

damages sustained by Big River, for all costs necessary to remediate the unlawful acts and its efforts, and for the costs, expenses, and reasonable attorneys' fees (as this is an exceptional case) incurred in bringing the present action.

86.    Big River further seeks judgment for three times the amount of BR LLC's profits or Big River's damages, whichever is greater, due to the nature of BR LLC's willful conduct.

87.    Pursuant to 15 U.S.C. § 1116 and equity, Big River is entitled to preliminary and permanent injunctive relief against BR LLC to stop the illegal infringing conduct.

88.    Pursuant to 15 U.S.C. § 1118 and equity, Big River is entitled to impoundment and destruction of infringing articles.

<u>**COUNT III**</u>

**COMMON LAW TRADEMARK INFRINGEMENT**

89.    Big River repeats and realleges the preceding paragraphs as if fully set forth herein.

90.    Big River owns valid state-registered and common law trademark rights in the BIG RIVER Marks.

91.    Big River's trade is in danger of harm from the use of its name by BR LLC in such a manner as it is likely to deceive the public into the belief that BR LLC's affairs, in the respect complained of, are those of Big River.

92.    BR LLC's use of the Infringing Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of BR LLC with Big River, and as to the origin, sponsorship or approval of BR LLC's services by Big River. Additionally, the public is likely to believe that BR LLC's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with, or in some other way legitimately connected with Big River, all to Big River's irreparable harm and in violation of Alabama common law and Ala. Code § 8-12-19.

93.     BR LLC's use of the Infringing Mark, and/or variants thereof similar to the BIG RIVER Marks, is likely to cause confusion concerning the origin of the goods and services associated with the Infringing Mark.

94.     As alleged herein, BR LLC has engaged in unfair, deceptive, or fraudulent conduct, which is likely to cause, if it has not already, customer confusion in violation of Alabama common law.

95.     Through BR LLC's unauthorized use of the Infringing Marks, and/or variants thereof similar to or likely to cause confusion with the BIG RIVER Marks, in connection with its automobile cleaning and car washing services in commerce, BR LLC has committed trademark infringement, passing off, palming off, imitating, and/or unfair or deceptive practices that are causing or are likely to cause confusion or deception.

96.     BR LLC's acts of infringement have caused Big River damages, and therefore Big River is entitled to all available remedies, including preliminary and permanent injunctive relief, damages, BR LLC's profits, enhanced damages, and costs.

## COUNT IV

### ALABAMA TRADEMARK AND TRADE NAME DILUTION IN VIOLATION OF ALA. CODE § 8-12-17 *et seq.*

97.     Big River repeats and realleges the preceding paragraphs as if fully set forth herein.

98.     The BIG RIVER Marks and BIG RIVER trade name are distinctive and famous marks within the meaning of Ala. Code § 8-12-17 by virtue of the duration, extent, and geographic reach of the BIG RIVER Marks and BIG RIVER trade name's advertising and publicity in Alabama; the amount, volume, and geographic extent of sales offered under the mark in Alabama; and the extent of actual recognition of the mark in Alabama generally or in a significant geographic area in Alabama.

99.    Upon information and belief, BR LLC, with full knowledge of the public recognition of Big River's famous marks and trade name, intended to and willfully traded on goodwill associated with Big River's marks and trade name.

100.    BR LLC has made commercial use of Big River's BIG RIVER Marks and BIG RIVER trade name, beginning after Big River's marks and trade name became famous.

101.    Even if the Court finds BR LLC's use of the Infringing Marks is not likely to cause confusion with Big River's BIG RIVER Marks, BR LLC's acts, including its use of the Infringing Marks, have created a likelihood of dilution of the distinctive quality of Big River's marks and trade name and/or a likelihood of injury to Big River's business reputation.

102.    BR LLC's acts constitute violations of Alabama's anti-dilution statute, Ala. Code § 8-12-17.

103.    Big River is entitled to all available remedies, including preliminary and permanent injunctive relief, damages, Defendants' profits, enhanced damages, attorney fees, and costs.

## COUNT V

### CANCELLATION OF U.S. REGISTRATION NO. 5,238,284

104.    Big River repeats and realleges the preceding paragraphs as if fully set forth herein.

105.    This Court has the power to order cancellation of the '284 Registration pursuant to 15 U.S.C. §§ 1064 and 1119.

106.    The '284 Registration issued on July 4, 2017.

107.    Although BR LLC filed a Section 15 declaration of incontestability, the USPTO's acknowledgement of the receipt of a Section 15 filing is not a final and official determination by the USPTO that the registration is in fact incontestable.

108.    One of the statutory exceptions to "incontestability" is set forth in the introductory clause of § 1065, which provides that a registration is not incontestable to the extent that it infringes

on another's valid rights in the mark acquired under state or common law by a use continuing from a date prior to the federal registration of the mark.

109.    The '284 Registration is not incontestable, and therefore is subject to cancellation under 15 U.S.C. §§ 1065 and 1115(b), because the use of the Infringing Mark subject to the '284 Registration infringes Big River's valid rights acquired under Alabama and common law through the continuous use of the BIG RIVER Marks in interstate commerce prior to the date of registration.

110.    To the extent the Court determines the '284 Registration is incontestable, the '284 Registration is still subject to cancellation based on a false suggestion of a connection with Big River pursuant to 15 U.S.C. §§ 1052(a) and 1064(3).

111.    Big River's first use of the BIG RIVER Marks predates BR LLC's first use of the Infringing Mark subject to the '284 Registration.

112.    The Infringing Mark subject to the '284 Registration is identical in sight, sound, connotation, and commercial impression to Big River's BIG RIVER Marks.

113.    The Infringing Mark subject to the '284 Registration so resembles Big River's BIG RIVER Marks, and not abandoned, as to be likely, when used on or in connection with the services identified in the '284 Registration, to cause confusion, to cause mistake, or to deceive.

114.    The Infringing Mark subject to the '284 Registration further would be recognized as Big River's previously used identity because it points uniquely and unmistakably to Big River.

115.    Big River's identity, BIG RIVER, is of sufficient fame and reputation that when used in connection with the services recited in the '284 Registration, a connection would be presumed.

116.    Big River is not connected with the services offered by BR LLC under mark in the '284 Registration.

117.    The continued registration of the Infringing Mark subject to the '284 Registration is likely to cause confusion, mistake, or deception as to the source of BR LLC's goods and services.

118.    Big River will be damaged by the continued registration of the Infringing Mark subject to the '284 Registration.

119.    For these reasons, BR LLC is not entitled to maintenance of the '284 Registration, and such registration must be cancelled under 15 U.S.C. §§ 1052(a), 1064, 1065, and 1119.

<u>COUNT VI</u>

**CANCELLATION OF U.S. REGISTRATION NO. 5,238,285**

120.    Big River repeats and realleges the preceding paragraphs as if fully set forth herein.

121.    This Court has the power to order cancellation of the '285 Registration pursuant to 15 U.S.C. §§ 1064 and 1119.

122.    The '285 Registration issued on July 4, 2017.

123.    Although BR LLC filed a Section 15 declaration of incontestability, the USPTO's acknowledgement of the receipt of a Section 15 filing is not a final and official determination by the USPTO that the registration is in fact incontestable.

124.    One of the statutory exceptions to "incontestability" is set forth in the introductory clause of § 1065, which provides that a registration is not incontestable to the extent that it infringes on another's valid rights in the mark acquired under state or common law by a use continuing from a date prior to the federal registration of the mark.

125.    The '285 Registration is not incontestable, and therefore is subject to cancellation under 15 U.S.C. §§ 1065 and 1115(b), because the use of the Infringing Mark subject to the '285 Registration infringes Big River's valid rights acquired under Alabama and common law through the continuous use of the BIG RIVER Marks in interstate commerce prior to the date of registration.

126.    To the extent the Court determines the '285 Registration is incontestable, the '285 Registration is still subject to cancellation based on a false suggestion of a connection with Big River pursuant to 15 U.S.C. §§ 1052(a) and 1064(3).

127.    Big River's first use of the BIG RIVER Marks predates BR LLC's first use of the Infringing Mark subject to the '285 Registration.

128.    The Infringing Mark subject to the '285 Registration is identical in sight, sound, connotation, and commercial impression to Big River's BIG RIVER Marks.

129.    The Infringing Mark subject to the '285 Registration so resembles Big River's BIG RIVER Marks, and not abandoned, as to be likely, when used on or in connection with the services identified in the '285 Registration, to cause confusion, to cause mistake, or to deceive.

130.    The Infringing Mark subject to the '285 Registration further would be recognized as Big River's previously used identity because it points uniquely and unmistakably to Big River.

131.    Big River's identity, BIG RIVER, is of sufficient fame and reputation that when used in connection with the services recited in the '285 Registration, a connection would be presumed.

132.    Big River is not connected with the services offered by BR LLC under the Infringing Mark subject to in the '285 Registration.

133.    The continued registration of the Infringing Mark subject to the '285 Registration is likely to cause confusion, mistake, or deception as to the source of BR LLC's goods and services.

134.    Big River will be damaged by the continued registration of the Infringing Mark subject to the '285 Registration.

135.    For these reasons, BR LLC is not entitled to maintenance of the '285 Registration, and such registration must be cancelled under 15 U.S.C. §§ 1052(a), 1064, 1065, and 1119.

## VI.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Big River prays for the following relief:

A.    That the Court enter a judgment in favor of Big River and against BR LLC as to all causes of action alleged herein;

B.    That the Court issue preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, Alabama law, and equity, enjoining and restraining BR LLC, and its officers, agents, servants, employees, and attorneys, or person in active concert or participation with the foregoing, from directly or indirectly using Big River's BIG RIVER Marks and any mark, word, designation, name, or domain name similar to the BIG RIVER Marks that is likely to cause confusion or mistake or to deceive;

C.    That, within thirty (30) days of issuance of preliminary and/or permanent injunctions, the Court order BR LLC to file a sworn statement under oath and subject to penalty of perjury that they have fully complied with the terms of the injunctions;

D.    That this Court, pursuant to 15 U.S.C. § 1118, Alabama law, and equity, order that all labels, signs, prints, packages, wrappers, receptacles, pictures, websites and advertisements in the possession or under the control of BR LLC bearing Big River's BIG RIVER Marks or any mark, word, designation, name, or domain name that is confusingly similar to the BIG RIVER Marks and all plates, molds, matrices, and other means of making the same, shall be delivered to Big River or destroyed;

E.    That BR LLC be required to pay and account to Big River for any and all benefits or profits derived by BR LLC from the use of Big River's BIG RIVER Marks and any name or mark incorporating any mark, word, designation, name, or domain name that is confusingly similar to the BIG RIVER Marks, including the sale of any and all products or services associated with any such name or mark, and for all damages sustained by Big River by reason of said acts of unfair

competition, false designation of origin, and/or other illegal acts complained of herein to the full extent permitted by 15 U.S.C. §§ 1117 and 1125, Alabama statutory law, and Alabama common law;

       F.     That this Court award Big River punitive and/or treble damages in an amount no less than three times the amount of BR LLC's profits or Big River's damages, whichever is greater, due to the wanton, egregious, willful, deliberate, intentional, and/or malicious nature of its actions;

       G.    That the Court order cancellation of U.S. Registration No. 5,238,284;

       H.    That the Court order cancellation of U.S. Registration No. 5,238,285;

       I.     That all costs of this action be awarded to Big River;

       J.     That Big River be awarded its reasonable attorney fees due to the exceptional nature of this case and BR LLC's intentional, wanton and willful illegal conduct;

       K.    That BR LLC be liable for any award of monetary damages, statutory damages, treble damages, punitive damages, costs, and/or attorney fees;

       L.     That pre-judgment and post-judgment interest be awarded to Big River; and

       M.    That this Court grant such other and further relief as it shall deem just.

## VII.   <u>DEMAND FOR JURY TRIAL</u>

Trial by jury is hereby demanded for all issues so triable.

Dated this 1st day of November, 2024.

Respectfully submitted,

**ADAMS AND REESE LLP**

/s/ *Garrett Zoghby*
GARRETT ZOGHBY (ASB-7748-H20P)
Post Office Box 1348
Mobile, Alabama 36633
Tel: (251) 433-3234
Fax: (251) 438-7733
Email: garrett.zoghby@arlaw.com

Maia T. Woodhouse (TN BPR No. 030438)
(*motion for pro hac vice admission forthcoming*)
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Tel: (615) 259-1450
Fax: (615) 259-1470
Email: maia.woodhouse@arlaw.com

*Attorneys for Plaintiff Big River Enterprises, LLC*

**DEFENDANT TO BE SERVED BY FILER AS FOLLOWS:**

Big River, LLC
3409 Water Avenue
Selma, AL  36701